UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ESTHER POWERS

VS. CA NO: 06-481ML

CARE NEW ENGLAND In its Capacity as
Plan Administrator; and CARE NEW ENGLAND
Group Life and Accidental Death and Dismemberment Plan

**PLAINTIFF'S RULE 16 CONFERENCE STATEMENT**

Elements of Plaintiff's Claims:

Plaintiff's Claim is for recovery of benefits due to her from an Accidental Death or Dismemberment (ADD) Plan due to the accidental death of her husband. The Plan is one established by her Employer. Defendants are the Plan and the Plan Administrator. Her claims arise under the Employee Retirement Income Security Act (ERISA) 20 U.S.C. 1140, 20 U.S.C. 1104 *et. seq*. In order to establish her right to relief Plaintiff must establish:

COUNT I:DECLARATORY JUDGMENT

a) the Plan is an employer sponsored plan governed by the application of ERISA;

b) at applicable times Plaintiff has been a member of the Employee ADD Plan;

c) that the Plaintiff's spouse died through accidental means;

d) that compensation for Plaintiff's spouse is provided under the Plan;

e) the Plaintiff has requested relief in accordance with the terms of the Plan,

f ) the Plaintiff has exhausted her administrative remedies in pursuing her request for relief

g) the Plan Administrator has failed to afford the relief requested of the Plaintiff pursuant to the provisions set forth by the Plan

29 U.S.C. § 1132, *Terry v. Bayer Corp.*, 145 F.3d 28, 36 (1st Cir. 1998)

COUNT II: FAILURE TO REMIT PLAN BENEFITS

a) the Plan is an employer sponsored plan governed by the application of ERISA;

b) at applicable times Plaintiff has been a member of the Employee ADD Plan;

c) Plaintiff has fulfilled the criteria for remittance of Plan benefits; particularly that her husband died through accidental means, and that compensation for his death was provided for pursuant to the terms of the Plan;

d) Plaintiff has made a claim for Plan benefits pursuant to the terms of the Plan;

e) Defendants have failed to remit Plan benefits; and

f) Defendants' failure to remit Plan benefits was an abuse of discretion.

29 U.S.C. § 1054, *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

PLAINTIFF
By her attorneys,
Law Office of Mark B. Morse

/s/ Mark B. Morse

MARK B. MORSE
RI Bar Reg No 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937
email: mark@morselawoffice.com

**<u>CERTIFICATION</u>**

To: Jeffrey S. Brenner, Esq.
Steven M. Richard. Esq.
Nixon Peabody, LLP
1 Citizens Plaza
Providence, RI 02903

I hereby certify that a true copy of the within was transmitted through the ECF system of the United States District Court, D.R.I. to the abovenamed.

DATE: January 19, 2007 /s/ Mark B. Morse