UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ESTHER POWERS

VS. CA NO: 06-481ML

CARE NEW ENGLAND In its Capacity as
Plan Administrator; and CARE NEW ENGLAND
Group Life and Accidental Death and Dismemberment Plan and
UNUM LIFE INSURANCE COMPANY OF NORTH AMERICA

## AMENDED COMPLAINT IN CIVIL ACTION

NOW COMES the Plaintiff, Esther Powers, by her attorney, Mark B. Morse, and sets forth the following:

## JURISDICTION AND VENUE

Plaintiff brings this action to recovery damages and for equitable relief under the provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., and particularly Section 510 (20 U.S.C. 1140), 20 U.S.C. 1104 *et seq*., and all other applicable provisions of the Act to redress the failure to provide benefits pursuant to the terms of her Group Life and Accidental Death and Dismemberment Plan, which was done pretextually and with the purpose of interfering with a right to which she was entitled under an employee benefit plan. All acts alleged have occurred within the State of Rhode Island and within this judicial district.

## THE PARTIES

1. Plaintiff is a citizen of the United States of America and resides in the Town of Coventry (Greene), Rhode Island. At all times material hereto, Plaintiff has been an employee of Kent County Memorial Hospital, a division of Care New England (hereinafter the Employer) from September 14, 1970 through June 30, 2006, as a registered nurse.

2. Defendant Care New England Group Life and Accidental Death and Dismemberment Plan, Alias (herein the Plan) is a duly qualified employee benefit plan within the meaning of ERISA, and 29 U.S.C. §1002(4), 29 U.S.C. § 1104 et seq. and 29 U.S.C. § 1140.

3. Defendant Care New England (herein Plan Administrator) serves as the Plan Administrator of the Plan within the meaning of ERISA.

4. Defendant Unum Life Insurance Company of North America (herein Unum) underwrites coverage and participates in the administration of the Plan and is a fiduciary to the Plan as is subject to the provisions as set forth in 29 USC §1132.

## FACTUAL ALLEGATIONS

5. On or about January 1, 2004, the Plaintiff was a plan participant in the Plan referred to herein for life insurance with accidental death and dismemberment provisions for herself and her now deceased spouse. A copy of the Plan effective on the pertinent dates in issue is attached hereto as Exhibit A.

6. On or about January 19, 2004, Plaintiff's spouse died as the result of an accident; as such term is defined in the terms of the plan.

7. Pursuant to the terms of the aforesaid Plan, Plaintiff thereby became eligible to receive accidental death benefits.

8. Plaintiff demanded payment of the Plan benefits in accordance with the terms of the Plan, however, Defendant Administrator, through its duly appointed agents refused to honor Plaintiff's demand, and refused to pay the benefits provided by the Plan.

9. On or about March 2, 2005, the Defendant Administrator through its duly appointed agent Defendant Unum issued a final decision denying Plaintiff's claims for accidental death
benefits.

10. Plaintiff has exhausted her administrative remedies as provided by the terms of the plan.

## COUNT I
## (DECLARATORY RELIEF)

11. Plaintiff seeks a declaration to clarify her right to recover accidental death benefits pursuant to the terms of the Plan pursuant to 29 USC §1132(a)(1)(B).

WHEREFORE, plaintiff requests that the Defendant Plan Administrator and Defendant Unum award her benefits pursuant to the terms of the Plan, and that she be awarded other equitable relief as this Court deems meet and just.

## COUNT II
## (FAILURE TO PROVIDE PLAN BENEFITS)

12. On or about January 19, 2004 Plaintiff's spouse died from an accident, and as a result Plaintiff became entitled to a payment of accidental death plan benefits.

13. On or about January 29, 2004 Plaintiff duly requested that the Defendant Plan Administrator through its agent Defendant Unum remit plan benefits in accordance with the terms of the Plan.

14. Notwithstanding Plaintiff's request, the Defendant Plan Administrator through its agent Defendant Unum unjustifiably denied the request, and refused to remit plan benefits in accordance with the terms of the Plan.

15. Plaintiff has exhausted her administrative remedies as provided by the terms of the Plan.

WHEREFORE, plaintiff requests that the Defendant Plan Administrator, the Defendant Plan, and the Defendant Unum be required to award her benefits pursuant to the terms of the Plan, reasonable attorneys fees, costs, and that she be awarded other equitable relief as this Court deems meet and just.

PLAINTIFF
By her Attorneys,
Law Office of Mark B. Morse

/s/ Mark B. Morse

MARK B. MORSE, Esq.
RI Bar Reg. No 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937
email: mark@morselawoffice.com

January 26, 2007