UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ESTHER POWERS | : | |
| | : | |
| v. | : | C.A. NO. 2006-481-ML |
| | : | |
| CARE NEW ENGLAND, in its capacity as Plan Administrator, CARE NEW ENGLAND GROUP LIFE AND ACCIDENTAL DEATH AND DISMEMBERMENT PLAN; UNUM LIFE INSURANCE COMPANY OF NORTH AMERICA | : | |

**CARE NEW ENGLAND DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

Defendants Care New England, in its capacity as Plan Administrator, and Care New England Group Life and Accidental Death and Dismemberment Plan (collectively, "Care New England Defendants") submit their answer to Plaintiff's Amended Complaint.

**JURISDICTION AND VENUE**

Care New England Defendants leave Plaintiff to her proof regarding the jurisdictional and venue allegations, which state conclusions of law. Care New England Defendants deny that they have any liability for the claims asserted in the Amended Complaint.

**THE PARTIES**

1. Upon information and belief, Care New England Defendants admit that Plaintiff is a citizen of the United States. Care New England Defendants lack knowledge or information to form a belief regarding Plaintiff's current residential address. Care New England Defendants admit that Plaintiff is a former employee of Kent County Hospital and that her dates of employment ranged from on or about September 14, 1970 through on or about July 10, 2006.

2. Care New England Defendants admit the allegations in paragraph 2.

3. Care New England Defendants admit the allegations in paragraph 3.

4. Care New England Defendants admit the allegations in paragraph 4.

## FACTUAL ALLEGATIONS

5. Care New England Defendants admit that Plaintiff was a plan participant, but deny that the accidental death and dismemberment provisions extended to coverage for the death of her husband. Counsel for Care New England Defendants is confirming whether the document attached to the Amended Complaint is a true and accurate copy of the plan, and Care New England Defendants will supplement their response to this issue as this proceeding ensues.

6. Upon information and belief, Care New England Defendants admit only that Plaintiff's spouse died on or about January 19, 2004, and they deny the remaining allegations in paragraph 6.

7. Care New England Defendants deny the allegations in paragraph 7.

8. Care New England Defendants admit that Plaintiff demanded payment on or about November 26, 2004 and that the claim was denied. Care New England Defendants deny any allegation that the refusal to pay accidental death benefits was improper.

9. Care New England Defendants admit that Plaintiff's claim for accidental death benefits was denied.

10. Care New England Defendants deny the allegations in paragraph 10.

## COUNT I
## (DECLARATORY RELIEF)

11. Care New England Defendants deny that Plaintiff has any right to recover dependant accidental death benefits pursuant to the Plan.

**COUNT II**
**(FAILURE TO PROVIDE PLAN BENEFITS)**

12. Upon information and belief, Care New England Defendants admit only that Plaintiff's spouse died on or about January 19, 2004, and they deny the remaining allegations in paragraph 12.

13. Care New England Defendants deny the allegations in paragraph 13.

14. Care New England Defendants deny the allegations in paragraph 14.

15. Care New England Defendants deny the allegations in paragraph 15.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by her failure to exhaust her administrative remedies and/or internal appeals procedures.

### THIRD AFFIRMATIVE DEFENSE

Based on the circumstances and administrative record in this case, Care New England Defendants request that this Court order Plaintiff to pay their attorneys' fees and costs under 29 U.S.C.§ 1132(g).

### FOURTH AFFIRMATIVE DEFENSE

The denial of benefits at issue was reasonable, was not arbitrary and capricious, and should be upheld by this Court based upon the administrative record before the decision maker under the policy.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorneys' fees on her claims.

**SIXTH AFFIRMATIVE DEFENSE**

Care New England Defendants have acted, at all times, in good faith, reasonably and justifiably.

**SEVENTH AFFIRMATIVE DEFENSE**

Care New England Defendants reserve the right to add such other affirmative defenses as may become apparent as a result of further proceedings in this matter.

WHEREFORE, Care New England Defendants pray that Plaintiff's Amended Complaint be dismissed with prejudice, Plaintiff's demands for relief be denied in every respect, and this Court grant such other and further relief as may be proper.

CARE NEW ENGLAND, in its capacity
as Plan Administrator, CARE NEW
ENGLAND GROUP LIFE AND
ACCIDENTAL DEATH AND
DISMEMBERMENT PLAN

By their Attorney,

/s/ Steven M. Richard
Steven M. Richard (#4403)
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Fax)
srichard@nixonpeabody.com

Dated: February 22, 2007

CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2007, a copy of the foregoing Defendants' Answer to Amended Complaint was filed electronically and served electronically by operation of the Court's CM/ECF System upon Mark B. Morse, Esq., at mark@morselawoffice.com, as identified on the Notice of Electronic filing (NEF).

/s/ Steven M. Richard